UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH MICHAEL BALERO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> LUMBER LIQUIDATORS, INC., <br><br> Defendant. | Case No. 15-cv-01005-JST <br><br> **ORDER GRANTING IN PART AND DENYING IN PART MOTION TO EXTEND TIME; SETTING CASE MANAGEMENT CONFERENCE** <br><br> Re: ECF No. 26 |

This case is one of twelve related cases concerning allegations that Defendant's laminate flooring products fail to comply with standards governing the permissible levels of formaldehyde in such products. Numerous other cases involving similar allegations have been filed across the country. The Plaintiffs in related case Conte v. Lumber Liquidators, Inc. et al., No. 15-cv-01012-JST, have filed a motion before the Judicial Panel on Multidistrict Litigation (JPML) pursuant to 28 U.S.C. § 1407, requesting the consolidation and transfer of all of these cases for pretrial proceedings. Declaration of William L. Stern, ECF No. 26-1 at ¶ 2. In light of the pendency of the proceedings before the JPML, Defendant has filed a motion to stay the deadlines in the above-captioned case, 15-cv-01005, until the JPML decides the transfer motion. ECF No. 26. Defendant has filed a similar motion in Conte at ECF No. 19.

"The pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the Panel pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court." Judicial Panel on Multidistrict Litigation, Rule 2.1. Thus, "a district judge should not automatically stay discovery, postpone rulings on pending motions, or generally suspend further rulings upon a parties' motion to the MDL Panel for transfer and consolidation."

1  Rivers v. Walt Disney Co., 980 F. Supp. 1358, 1360 (C.D. Cal. 1997).

2      The Court concludes that a complete stay of all pretrial proceedings would not promote
3  judicial economy. The Court's continued management of these related cases during the pendency
4  of the JPML's consideration of the transfer motion would benefit a potential transferee court in the
5  event that the consolidation and transfer motion is granted. The Court will retain the flexibility to
6  stay only those matters that should await resolution of the JPML proceeding, while allowing other
7  matters to move forward. For now, the Court will stay only the resolution of potentially-
8  dispositive motions in these related cases, including the motion to dismiss at ECF No. 26, until the
9  JPML's decision on the motion to transfer.

10      The Court also hereby sets a case management conference in all related cases for April 28,
11  2015 at 2:30 P.M. A single joint case management statement for all cases is due by April 21,
12  2015.

13      The Court notes that Balero Plaintiffs' opposition to the motion to extend time indicates
14  that the Plaintiffs seek an evidence preservation order. Any such request should first be the
15  subject of a meet and confer. In the event the parties fail to stipulate to a protective order, the
16  parties should state their respective positions in the joint case management statement and the
17  Court will discuss the matter at the case management conference. The parties should also include
18  in their statement any other issues they believe require this Court's attention prior to the resolution
19  of the JPML proceeding.

20      The Court spreads this order to all cases related to 15-cv-01005.

21      IT IS SO ORDERED.

22  Dated: April 1, 2015

                                                      JON S. TIGAR
                                                      United States District Judge